JOSEPH P. CUVIELLO
P.O. Box 2834
Redwood City, CA 94064
Telephone: (650) 654-9955

PLAINTIFF In Pro Se

FILED
OCT 31 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO, individually,

PLAINTIFF,

v.

CITY OF VALLEJO AND CITY OF VALLEJO CITY ATTORNEY CLAUDIA QUINTANA, CITY OF VALLEJO POLICE OFFICER M. CUTNICK, and ONE DOE VALLEJO POLICE OFFICER, in their individual and official capacities, Jointly and Severally,

DEFENDANTs.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2:16-CV-2584 KJM KJN PS

PLAINTIFF, for his Complaint against DEFENDANTs, states as follows:

**JURISDICTION**

1.  This is a civil rights action arising from DEFENDANT CITY OF VALLEJO's unreasonable prohibition on PLAINTIFF's use of a bullhorn, during a demonstration at Six Flags Discovery Kingdom in Vallejo, California, without first obtaining a permit from the City of Vallejo, and DEFENDANT OFFICER CUTNICK's threat to confiscate PLAINTIFF'S bullhorn if PLAINTIFF continued to use it at an October 31, 2015, demonstration at Six Flags Discovery Kingdom in Vallejo; a violation of PLAINTIFF's right to freedom of speech, press, assembly, association, and conscience. This action is brought pursuant to 42 USC § 1983, and the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. PLAINTIFF further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

**INTRADISTRICT ASSIGNMENT**

2. All of the events and/or omissions complained of herein occurred in the City of Vallejo in Solano County, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

3. PLAINTIFF has complied with the California Government Tort Claims Act Section 910, et seq.

## INTRODUCTION

4. This complaint seeks relief against DEFENDANTs based on the violation of PLAINTIFF's free speech rights through DEFENDANT's unreasonable prohibition on use of bullhorns at demonstrations without first acquiring a permit from the City of Vallejo and DEFENDANT OFFICERs CUTNICK's and DOE's October 31, 2015, interference with PLAINTIFF's free speech rights by threatening to confiscate PLAINTIFF's bullhorn during a demonstration at Six Flags Discovery Kingdom in Vallejo, California.

5. This complaint challenges the facial and as applied constitutionality of Vallejo Municipal Code Chapter 8.56, which requires a person, to obtain a permit from the chief of police, before operating any sound amplifying or loudspeaking device upon any public street, parkway, thoroughfare, or on any privately or publicly owned property if the sound device is used to attract public attention.

6. This complaint requests declaratory and injunctive relief and monetary damages against Government DEFENDANTs for committing acts under color of law, which deprived PLAINTIFF of rights secured by the United States and California Constitutions and the laws of the United States and the State of California; for the purpose of impeding and hindering the due course of justice with the intent to deny PLAINTIFF his free speech rights and equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to PLAINTIFF.

7. DEFENDANTs, while acting in their official capacities as City officials and law enforcement officers, deprived PLAINTIFF of his rights, privileges and immunities as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section 1, Article I, Section 2(a) and Article I, Section 7(a),

---
1
**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

## PARTIES AND PROCEDURE

8. PLAINTIFF is a resident of the State of California.

9. DEFENDANT CITY OF VALLEJO is a public entity established by the laws and Constitution of the State of California, which employs DEFENDANT CLAUDIA QUINTANA and owns, operates, manages, directs, and controls the Vallejo Police Department, which employs DEFENDANT OFFICERs M.CUTNICK and DOE.

10. DEFENDANT CITY ATTORNEY CLAUDIA QUINTANA is an individual who was employed as the City of Vallejo City Attorney, and was acting within the scope of her employment, and is being sued in her individual and official capacity.

11. DEFENDANT CITY OF VALLEJO POLICE OFFICER M. CUTNICK – Badge No. 437 - is an individual who was employed by the City of Vallejo as a law enforcement officer, and was acting within the scope of his employment, and is sued in his individual and official capacity.

12. DEFENDANT CITY OF VALLEJO POLICE OFFICER DOE is an individual who was employed by the City of Vallejo as a law enforcement officer, and was acting within the scope of his employment, and is sued in his individual and official capacity.

13. PLAINTIFF is informed and believes and thereon alleges that each of the DEFENDANTs sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to PLAINTIFF

14. PLAINTIFF is also informed and believes, and thereon alleges, that each of the defendants was at all material times a managing agent, agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. PLAINTIFF is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

1    15.    At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of PLAINTIFFs' Constitutional rights and other harm.

16.    At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the City Of Vallejo.

17.    The Complaint may be pled in the alternative pursuant to Federal Rule Civil Procedure 8(d)(2).

## FACTUAL ALLEGATIONS

18.    PLAINTIFF realleges each and every paragraph in this complaint as if fully set forth here.

19.    PLAINTIFF JOSEPH CUVIELLO is a long time animal rights activist who advocates for the humane treatment of animals by educating the public about the abuse and mistreatment of animals used in various forms of exploitations.

20.    PLAINTIFF's speech and association includes holding signs and banners, exhibiting video footage of various animal mistreatment, utilizing bullhorns to communicate his message and offering leaflets with information about the condition and treatment of animals. PLAINTIFF's speech also includes video recording the treatment of animals he advocates for. PLAINTIFF uses the video to educate the public, and provide news media information about the abuse and mistreatment of animals.

21.    PLAINTIFF's speech and association is on matters of great public concern locally, nationally, and internationally – the abuse and mistreatment of animals - including but not limited to endangered species, dolphins, tigers, and elephants - by amusement parks and other "entertainment" entities.

***Events Of June 20, 2015***

22.    On June 20, 2015 PLAINTIFF attended a demonstration at Six Flags Discovery Kingdom in Vallejo, California, against Six Flags' use of animals for entertainment. The demonstration was organized by advocate Janet Locke.

23.    Prior to using a bullhorn at the demonstration PLAINTIFF researched, via the internet, Vallejo Municipal sound ordinances and discovered Chapter 7.84, which regulates loud

1 unnecessary and unusual noise, and noise disturbances.

2     24. Section 7.84.010 reads that is unlawful for any person to willfully make or
3 continue, or cause to be made or continued any loud, unnecessary, and unusual noise which
4 disturbs the peace or quiet of any neighborhood or which causes discomfort or annoyance to any
5 reasonable person of normal sensitiveness residing in the area. The standard for determining
6 whether a violation of this section exist includes, but is not limited to; the level of noise; the
7 nature of the noise; the level and intensity of the background noise; the proximity to residential
8 sleeping facilities; the density of the inhabitation of the area; he time of day and night; the
9 duration of the noise; and whether the noise is commercial or noncommercial activity.

10     25. Section 7.84.020 regulates "noise disturbance", defined as "any sound which (1)
11 endangers or injures the safety or health of humans or animals; (2) annoys or disturbs a
12 reasonable person of normal sensitiveness; or (3) endangers or injures personal or real property."

13     26. Section 7.84.020(A) makes it unlawful "to use or permit to be used any
14 mechanical or electronic device for the intensification of any sound or noise into the public
15 streets which causes a noise disturbance." PLAINTIFF believed the definition of the term
16 "electronic device" included an electric megaphone or bullhorn and believed his use of the
17 bullhorn at the demonstration could not be classified as either "loud unnecessary noise or a noise
18 disturbance." Accordingly PLAINTIFF did not research Vallejo municipal codes any further.

19     27. On June 20, 2015, PLAINTIFF utilized an electric bullhorn at the Six Flags
20 demonstration and was subsequently told by a fellow activist, Mark Ennis, that Vallejo police
21 officer Garcia, had informed him that he was not allowed to use a bullhorn without first
22 obtaining a permit for such use.

23     28. PLAINTIFF approached officer Garcia who provided the text of Vallejo
24 Municipal Code Chapter 8.56 which did in fact make it unlawful to use any sound amplifying or
25 loudspeaking device, without first obtaining a permit from the chief of police. Although both
26 Chapter 7.84 and Chapter 8.56 regulate amplified sound, Chapter 8.56 only regulates amplified
27 sound "used to attract public attention," and unlike Chapter 7.84, requires a person to first obtain
28 a permit to use such sound. Because free speech is sound used to attract public attention

1. PLAINTIFF's use of the bullhorn therefore was regulated under Chapter 8.56.

29. Amplified sounds not "used to attract public attention" are regulated differently by Vallejo Municipal Code Chapter 7.84, which regulates based on noise level and does not require a person to obtain a permit before utilizing amplified sound.

30. Because PLAINTIFF did not want to get arrested he did not utilize the bullhorn further on June 20, 2015, but decided that next time he would apply for a sound permit.

31. On July 4, 2014 PLAINTIFF again attended a demonstration at Six Flags. However, because the organizer wanted the demonstration to be unannounced PLAINTIFF did not apply for a sound permit to use a bulhorn as it would have put Six Flags and the City of Vallejo on notice of the planned demonstration. Instead PLAINTIFF did not attempt to utilize a bullhorn at this demonstration because he did not want to get arrested.

*Events Of July 14 and 18, 2015*

32. On July 14, 2015, PLAINTIFF, called the Vallejo Police Department to obtain a fax number for purposes of faxing a permit application to the Vallejo Chief of Police requesting a permit to use an electric bullhorn at a Six Flags demonstration planned for July 18, 2015.

33. PLAINTIFF talked to Lieutenant Jeff Dassett, who provided a fax number for the Vallejo Police Department, and PLAINTIFF faxed his application later that day to the Vallejo Police department.

34. Although Chapter 8.56, section .030 states that the Chief "shall issue a permit for the operation of sound amplifying or loudspeaker equipment within ten days after receipt of the application nowhere in Chapter 8.56 is there a requirement for how many days in advance of the planned use the application should be submitted. PLAINTIFF submitted his application four days prior to the planned use of amplified sound and never received a response regarding his sound permit application.

35. PLAINTIFF did not utilize a bullhorn at the July 18, 2015 demonstration for fear of being arrested.

*Events Of September 14 and 15 2015*

36. Between July 4, 2015 and September 11, 2015 PLAINTIFF researched the

1  applicable caselaw regarding the legality of using of a bullhorn for free speech and believed that
2  Chapter 8.56 was unconstitutional as it only applied to sound "used to attract public attention,"
3  which is the inherent nature of free speech, and that sound not used to attract public attention,
4  non-speech sound, was regulated differently by Chapter 7.84, which provided a more lenient
5  standard for determining the legality of sound use.

6      37.    During this time PLAINTIFF was also told by a fellow activist that she had filed a
7  sound permit application and was told it would cost $105 to obtain a permit and, that she would
8  need to buy a permit for each and every demonstration. Since demonstrations at Six Flags are
9  held regularly, approximately once a month, the costs for permits would be significant.

10      38.    On September 11, 2015 PLAINTIFF sent, via email, a letter to City of Vallejo
11  Mayor Osby Davis, City Attorney Claudia Quintana and Police Chief Andrew Bidou explaining
12  that PLAINTIFF intended to use a bullhorn at a demonstration planned for September 12, 2015
13  and contending that Municipal Code Chapter 8.56 was unconstitutional.

14      39.    PLAINTIFF also explained that he only wanted to exercise his constitutional right
15  to use a bullhorn as part of his free speech activity; had no desire to be arrested; would not
16  disturb the peace or quiet of any neighborhood or cause discomfort or annoyance to any
17  reasonable person of normal sensitiveness residing in the area; would not create a "noise
18  disturbance"; and would not be in excess of 15 watts in violation of sections 7.85.010 and
19  7.85.020 of the City's Municipal Codes.

20      40.    The only Vallejo official to respond was City Attorney, DEFENDANT
21  CLAUDIA QUINTANA, who, via email, informed PLAINTIFF that the City's position was that
22  Section 8.56.010 is a permissible time, place and manner restriction. City of Vallejo Mayor Osby
23  and Police Chief Andrew Bidou, among other City officials, were copied in DEFENDANT
24  QUINTANA's email response.

25      41.    On September 15, 2015, PLAINTIFF attended the demonstration at Six Flags and
26  utilized a bullhorn. Although PLAINTIFF was approached by a Vallejo police officer he was not
27  asked whether he had a permit to utilize the bullhorn. In fact the officer never even mentioned
28  PLAINTIFF's use of the bullhorn.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

*Events Of October 31, 2015*

42. On October 31, 2015, PLAINTIFF again attended a demonstration at Six Flags in Vallejo and utilized a bullhorn and a large screen television, which projected video and amplified sound, of people hitting elephants and elephants' audible screams, from its built-in speakers. PLAINTIFF used the bullhorn and television for approximately 20 minutes in the presence of DEFENDANT OFFICERs M. CUTNICK and DOE before DEFENDANT OFFICERs approached PLAINTIFF and asked him if he had permit to use the bullhorn. PLAINTIFF replied he did not. DEFENDANT OFFICER CUTNICK told PLAINTIFF without a permit he could not use the bullhorn. PLAINTIFF asked DEFENDANT OFFICER CUTNICK if he would be arrested if he continued to use the bullhorn and DEFENDANT OFFICER CUTNICK replied no, but he would confiscate the bullhorn as evidence of a crime.

43. PLAINTIFF then asked DEFENDANT OFFICERs if they were going to stop PLAINTIFF from utilizing his large screen TV as well and they said they would not as it did not constitute amplified sound or a loudspeaker despite the television projecting sound through speakers.

*Events Of November 21, 2015 and May 28, 2016*

44. On November 21, 2015 and May 28, 2016 PLAINTIFF again attended demonstrations at Six Flags but did not bring his bullhorn based on the October 31, 2015 threat from DEFENDANT OFFICER M. CUTNICK, that he would confiscate any bullhorn used at the demonstration without a permit.

45. At these demonstrations another activist, Jody Hansen, had brought her bullhorn and did utilize it at the demonstration without a permit to do so. Although there were City of Vallejo police officers present during the demonstrations they did not attempt to stop her from utilizing her bullhorn.

46. PLAINTIFF desires to utilize an electric bullhorn at future demonstrations at Six Flags.

47. At all material times, PLAINTIFF was peacefully exercising his Constitutionally protected First Amendment rights to free speech, press, association, conscience, and beliefs, on

1 matters of great public concern in a public forum.

2     48. At all material times, PLAINTIFF herein acted lawfully, without interference, never threatened any person, and never resisted any lawful order by any police officer.

4     49. DEFENDANTs' speech-related conduct, practices, policies and customs, and DEFENDANT'Cutnick's threat to confiscate PLAINTIFF's bullhorn has had a chilling effect on PLAINTIFF's, free speech, press, expression, and associations, and further constitute content-based regulation of PLAINTIFF's speech, and prior restraints on protected expression and associations.

9     50. DEFENDANTs' speech-related conduct, practices, policies and customs are overbroad, and are not narrowly tailored to accomplish any rational, legitimate, important, substantial, significant or compelling interest of DEFENDANTs.

12     51. DEFENDANTs' conduct was objectively unreasonable under the circumstances.

13     52. All DEFENDANTs, their employees, and agents, engaged in a concert of action and joint venture to deny PLAINTIFF his rights to freedom of speech, press, association, conscience and beliefs through threats, intimidation and coercion without PLAINTIFF's consent and in furtherance of a common scheme to violate PLAINTIFF's aforementioned rights, with knowledge of the conspiracy and its unlawful purpose.

18     53. DEFENDANTs' conduct described herein was intended, and was reasonably likely, to deter and/or chill PLAINTIFFs' exercise of constitutionally protected rights, and/or was in retaliation for PLAINTIFF's political views and his exercise of constitutionally protected rights.

22     54. DEFENDANTs' conduct described herein had a chilling effect on PLAINTIFF's exercise of his First Amendment rights.

24     55. At all material times, DEFENDANTs' restrictions on PLAINTIFF's protected First Amendment activity was unreasonable as to time, place, and manner.

26     56. PLAINTIFF's exercise of his First Amendment rights to freedom of speech, press, assembly, association, conscience, and beliefs, and the content and/or viewpoint of PLAINTIFF's protected expression, or perceived expression, was a substantial or motivating

1 | factor for DEFENDANTs' conduct described herein.

2 |     57.    At all material times, and alternatively, the actions and omissions of each DEFENDANT were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to each PLAINTIFF's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

    58.    As a direct and proximate result of each DEFENDANT's conduct as set forth above, PLAINTIFF sustained the following further injuries and damages, past and future, among others:

    a.    Mental suffering and emotional distress;

    b.    Interference with and irreparable damage to his constitutional rights;

    c.    All damages and penalties recoverable under 42 USC §1983 and federal civil rights law;

    d.    Suppression of speech and interference with beliefs and associations.

    59.    With regard to all the causes of action that follow against DEFENDANTS PLAINTIFF alleges upon belief that DEFENDANTS developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons using bullhorns at demonstrations in the City of Vallejo, which caused the violation of PLAINTIFF's rights.

    60.    The above described policies and customs demonstrate a deliberate indifference on the part of policy makers at DEFENDANT CITY OF VALLEJO to protect the constitutional rights of people using a bullhorn while demonstrating in Vallejo and said policies and customs were the cause of the violations of PLAINTIFF's rights alleged herein.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### – 42 USC § 1983 –
**Violation of the following rights under the United States Constitution:
First Amendment Right to Free Exercise of Speech and Press;
and Fourteenth Amendment Right to Equal Protection of the Laws
*(AGAINST ALL DEFENDANTS)***

61. PLAINTIFF realleges each and every paragraph in this complaint as if fully set forth here.

62. Because Chapter 8.56 regulates and prohibits the use of electronic amplification of speech without first obtaining a permit from the City of Vallejo it is therefore a prior restraint on speech.

63. DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA, AND OFFICERS CUTNICK and DOE acted under color of law when they threatened to enforce Chapter 8.56 of the Vallejo Municipal Code and threatened to confiscate PLAINTIFF's bullhorn, while demonstrating in a public forum, depriving PLAINTIFF of the clearly-established and well-settled constitutional rights protected by the First and Fourteenth Amendment to U.S. Constitution, specifically:

    a. The right to be free from interference with, or retaliation for, exercise of constitutionally protected rights, including but not limited to speech, association, conscience, and beliefs, as secured by the First and Fourteenth Amendments;

    c. The right to be free from the deprivation of equal protection of the law as secured by the Fourteenth Amendment;

### SECOND CAUSE OF ACTION
---42 U.S.C. § 1983---
**Conspiracy to Violate And Violation Of
The First And Fourteenth Amendments of The United States Constitution And Article 1 Section 2(a) Of The California Constitution**

*(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)*

64. PLAINTIFF incorporates the allegations contained in the above paragraphs as though fully set forth herein.

65. DEFENDANT CITY ATTORNEY CLAUDIA QUINTANA's email response to PLAINTIFF, which was also sent to various other City officials –including the Mayor and Chief of Police - was an expressed agreement between the City officials to enforce Chapter 8.56

1 against PLAINTIFF for exercising his free speech rights.

2     66. DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA, AND OFFICERS CUTNICK and DOE acted under color of law when they threatened to enforce Chapter 8.56 of the Vallejo Municipal Code, and confiscate PLAINTIFF's property without arrest, depriving plaintiff of his rights under the United States and California Constitution, and are therefore liable to PLAINTIFF under 42 USC § 1983.

    67. DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA AND OFFICERS CUTNICK and DOE aided, abetted, encouraged, facilitated and participated in assisting one another in setting forth and executing upon the pre-textual sound permit policy at issue in this litigation to act to threaten PLAINTIFF, which resulted in the deprivation of PLAINTIFF's Federal and State Constitutional Rights.

    68. As a direct and proximate result of DEFENDANTs' acts and/or omissions as set forth above, PLAINTIFF sustained injuries and damages as set forth above.

    69. The conduct of DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA and OFFICERS CUTNICK and DOE, entitles PLAINTIFFs to damages, punitive damages, attorneys' fees, costs, injunctive relief, and penalties allowable under 42 USC § 1983.

**THIRD CAUSE OF ACTION**
**Violation of Article 1, Section 2(a) of the California Constitution**
**Liberty Of Speech**

*(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)*

    70. PLAINTIFF realleges each and every paragraph in this complaint as if fully set forth herein.

    71. DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA AND OFFICERS CUTNICK and DOE, acted under color of law when they threatened to enforce and to confiscate PLAINTIFF's bullhorn, in a public forum, in violation of law, thereby depriving PLAINTIFF of the clearly-established and well-settled constitutional

1  rights protected by Article 1, Section 2(a) of the California Constitution.

2  72. As a direct and proximate result of DEFENDANTs' acts and/or omissions as set forth above, PLAINTIFF sustained injuries and damages as set forth above.

3  73. The conduct of DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA AND OFFICERS CUTNICK and DOE, entitles PLAINTIFFs to punitive damages and penalties allowable under California law.

**FOURTH CAUSE OF ACTION**
**Facial And As Applied Challenge To Vallejo Municipal Code Chapter 8.56 -- Operation of Sound Amplifying, Loudspeaker, Or Lighting Equipment**

*(PLAINTIFF AGAINST ALL DEFENDANTS)*

74. PLAINTIFF realleges each and every paragraph in this complaint as if fully set forth here.

75. City of Vallejo Municipal Code Chapter 8.56 reads in pertinent part: Section 8.56.010- "It is unlawful for any person, to operate or cause to be operated any sound amplifying or loudspeaking device, used to attract public attention, upon any public street, parkway, thoroughfare, or on privately or publicly owned property, without first obtaining a permit from the chief of police to do so."

76. Section 8.56.020 reads- "The person applying for a permit shall file with the chief of police an application in writing on forms provided by him for that purpose giving the information required."

77. Section 8.56.030 reads- "The chief of police shall issue a permit for the operation of sound amplifying or loudspeaker equipment within ten days after receipt of the application therefor, which shall be subject to the following regulations: A. The only sounds permitted are music or human speech; B. The permitted hours of operation shall be between the hours of ten a.m. and sunset. In the case of events or activities occurring at public parks or the waterfront or in special circumstances, applications for the use of sound amplifying or loudspeaker equipment for hours other than those specified above may be approved by the chief of police; C. If mounted upon a vehicle, sound amplifying equipment shall not be operated unless the vehicle

1 upon which such equipment is mounted is operated at a speed of at least five miles per hour
2 except when said vehicle is stopped or impeded by traffic. Where stopped by traffic the sound
3 amplifying equipment shall not be operated for longer than one minute at each such stop; D.
4 Sound shall not be issued within one hundred yards of hospitals, clinics, animal care facilities,
5 schools, churches, courthouses, or public libraries; E. The human speech and music amplified
6 shall not be profane, lewd, indecent, or slanderous; F. The volume of sound shall be controlled so
7 that it will not be audible for a distance in excess of one hundred feet from the sound truck and
8 so that said volume is not unreasonably loud, raucous, jarring, disturbing, or nuisance to persons
9 within the area of audibility; G. No sound amplifying equipment shall be operated with an excess
10 of fifteen watts of power in the last stage of amplification.

11       78. Facially and as applied Chapter 8.56 regulates only sound that is "used to attract
12 public attention." Attracting public attention is the inherent nature of pure free speech.
13 Accordingly, Chapter 8.56 is regulating the sounds of free speech, and differently than non-free
14 speech sounds, without a significant interest to do so.

15       79.     The significant interests stated in Chapter 8.56 are to protect (1) people from
16 sounds that are "unreasonably loud, raucous, jarring, disturbing, or nuisance to persons within the
17 area of audibility" (2) "hospitals, clinics, animal care facilities, schools, churches, courthouses, or
18 public libraries" from such sounds and (3) people from "profane, lewd, indecent, or slanderous"
19 sounds. However, Vallejo Municipal Code Chapter 7.84 already regulates and prohibits (1) "any
20 loud, unnecessary, and unusual noise which disturbs the peace or quiet of any neighborhood or
21 which causes discomfort or annoyance to any reasonable person of normal sensitiveness residing
22 in the area" and (2) "sound which (1) endangers or injures the safety or health of humans or
23 animals; (2) annoys or disturbs a reasonable person of normal sensitiveness; or (3) endangers or
24 injures personal or real property," including sound "in the vicinity of any hospital, church during
25 hours of worship services, court house during hours of operation, or school during school hours."
26 Accordingly Chapter 8.56 is unnecessary and unduly burdensome. The only purpose of Chapter
27 8.56 is to place a heavier burden on people who use sound "to attract public attention," which
28 means a heavier burden on people engaged in free speech activities. There is no significant

1  interest expressed in Chapter 8.56 that is not already addressed in Chapter 7.84.

2      80.    If, on October 31, 2015, PLAINTIFF was not attempting to attract public
3  attention with his bullhorn he could have stood in the exact same spot on the public street in front
4  of Six Flags and used his bullhorn to make a similar level of noise without being required to first
5  obtain a permit to do so, as he was not in violation of Chapter 7.85, Vallejo's sound codes
6  regulating non-speech sound; i.e., PLAINTIFF was not disturbing the peace or quiet of any
7  neighborhood or causing discomfort or annoyance to any reasonable person of normal
8  sensitiveness residing in the area, or create a noise disturbance in violation of Vallejo's other
9  sound regulating codes.

10      81.    In fact PLAINTIFF was allowed to use his big screen television to "attract public
11  attention" by projecting amplified sound through the built-in speakers that was as loud as the
12  sound that was projected through his bullhorn prior to DEFENDANT OFFICERs threatening to
13  confiscate his bullhorn.

14      82.    Chapter 8.56 is a free speech-based prior restraint as its purpose is not to regulate
15  sound, which is already regulated by Chapter 7.84, but to regulate speech, sound used to attract
16  public attention, and a means of exercising speech.

17      83.    Vallejo Municipal Code Section 8.56(F) is unconstitutionally vague as it fails to
18  provide any time frame for applying for a permit despite requiring the chief of police to issue a
19  permit within ten days after receipt of the application.

20      84.    PLAINTIFF requested a permit four days prior to the planned demonstration and
21  received no reply.

22      85.    Without a time frame for submitting an application this code is vague and
23  incomprehensible and allows for arbitrary responses or non-responses.

24      86.    The lack of submission timeframe also makes it clear the code places a prior
25  restraint on spontaneous speech.

26      87.    Chapter 8.56 is also facially unconstitutionally vague because although it
27  regulates the sound used to attract public attention coming from amplifying devices and
28  loudspeakers it does not provide any definition of what constitutes an "amplifying devices and

1 loudspeakers." Therefore it grants officers to much discretion to arbitrarily determine what
2 constitutes an amplifying device or loudspeaker; i.e., bullhorn regulated by Chapter 8.56 but
3 television speakers not regulated by 8.56.

4     88.     DEFENDANT OFFICERs told PLAINTIFF that his bullhorn which electronically
5 amplifies sound was regulated by Chapter 8.56 but PLAINTIFF's big screen television which
6 also electronically amplified sound, through the built-in speakers, did not fall under Chapter 8.56
7 regulations. Accordingly, a person reading this code has no way of knowing what type of
8 amplifying device is regulated by the code and what type isn't. Because of the lack of definition
9 Chapter 8.56 is vague and enforcement can be arbitrary, as it was in this case. Accordingly
10 Chapter 8.56 provides inadequate notice of what kinds of amplifying devices or loudspeakers fall
11 under the code's regulations.

12     89.     Moreover, Chapter 8.56 limits the sound used to attract attention to music or
13 human voice. This is a clear limitation on free speech as free speech sounds encompass a much
14 broader variety of sounds than just music and the human voice. In this case PLAINTIFF utilized
15 the speakers in a large screen television to amplify the sounds of people beating elephants and
16 the elephants' screams. Although PLAINTIFF was using these sounds "to attract public
17 attention," DEFENDANT OFFICERs told PLAINTIFF the television sounds were not subject to
18 regulation under Chapter 8.56. Had PLAINTIFF amplified these sounds using a bullhorn, under
19 Section 8.56.030(A), he would not have been allowed to even get a permit to do so.

20     90.     Chapter 8.56 also attempts to regulate profane, lewd, indecent, or slanderous
21 speech. Whether speech and/or music are profane, lewd, indecent, or slanderous is not a
22 determination properly made by the permit official or an officer on the scene. It is a
23 determination for the courts. These are not crimes that can be regulated on-site by a permit or a
24 police officer, and therefore subject the permit holder to the arbitrary judgment of the on-site
25 officer as to whether or not the speech used to attract public attention is profane, lewd, indecent,
26 or slanderous.

27     91.     As applied to PLAINTIFF's activity, Chapter 8.56 is unconstitutional as it served
28 no significant interest of the City to require PLAINTIFF to first obtain a permit to utilize his

1  bullhorn simply because he was using sound to "attract public attention." Especially when the
2  bullhorn use would have been legal under Chapter 7.84 had PLAINTIFF not been using it to
3  "attract to public attention."

4      92.    PLAINTIFF can understand the significance of the permit requirement for a large
5  gathering of people at a public event in a park or some other public or private place, that uses a
6  speaker system to reach a large number of people, and that might otherwise require a permit to
7  organize the event, but with respect to using a bullhorn at a small demonstration on a public
8  street, none of the City's interests are significant enough to require a permit, as the City's
9  interests in preventing disturbing noises can be enforced onsite, just as the possession and
10 parameters of a permit is enforced on-site; possession of a permit provides no guarantee of
11 compliance.

12     93.    As a direct and proximate result of DEFENDANTs' acts and/or omissions as set
13 forth above, PLAINTIFF sustained injuries and damages as set forth above.

### FIFTH CAUSE OF ACTION
### Violation Of California Civil Code Section 52.1

*(PLAINTIFF AGAINST ALL DEFENDANTS)*

17     94.    PLAINTIFF realleges each and every paragraph in this complaint as if fully set
18 forth herein.

19     95.    DEFENDANTS CITY OF VALLEJO, CITY ATTORNEY CLAUDIA
20 QUINTANA AND OFFICERS CUTNICK and DOE,, omissions, customs, and policies, as
21 described above, violated PLAINTIFF's rights under California Civil Code §52.1, by interfering,
22 or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of
23 rights secured by the Constitution or laws of the United States, or of rights secured by the
24 Constitution or laws of the State of California, including but not limited to 42 U.S.C. § 1983 and
25 the following clearly-established rights under the United States Constitution and the California
26 Constitution:

27         The right to be free from interference with, or retaliation
28         for, their exercise of constitutionally protected rights,

including but not limited to speech, press, association, conscience, and beliefs, as secured by the First and Fourteenth Amendments;

The right to be free from the deprivation of equal protection and due process of the law as secured by the Fourteenth Amendment;

The right to freely speak, write and publish their sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press, as secured by the California Constitution, Article I, Section 2(a);

The right to be free from deprivation of equal protection and due process of the laws, as secured by the California Constitution, Article I, Section 7(a);

The right to liberty as secured by the California Constitution, Article I, Section 1;

96. As a direct and proximate result of DEFENDANTS' violation of California Civil Code §52.1, PLAINTIFF sustained injuries and damages as set forth above. Further, PLAINTIFF claims all damages and penalties allowed by law, including California Civil Code §§52 and 52.1, and including costs, treble damages, and civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully request the following relief against each and every DEFENDANT herein, jointly and severally:

a. A court order for declaratory and injunctive relief declaring that Chapter 8.56 is unconstitutional on its face and as applied to PLAINTIFF on October 31, 2015.

b. Compensatory, general, and special damages against all defendants in an amount according to proof which is just and fair.

c. Exemplary damages against each individual defendant, excluding DEFENDANT CITY OF VALLEJO, in an amount sufficient to deter and to make an example of those defendants.

d. The cost of this suit and such other relief as the court finds just and proper.

e. A civil penalty of $25,000 for each violation of rights under California

Civil Code Section 52.1(b).

 f. All other damages, penalties, costs, and interest as allowed by 42 USC §§ 1983, Cal. Civil Code §§ 52, 52.1, and as otherwise allowed by law.

Dated: October 31, 2016       JOSEPH CUVIELLO

By: _____
   JOSEPH CUVIELLO
   PLAINTIFF In Pro Se