UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO, <br> Plaintiff, <br> v. <br> CITY OF VALLEJO, et al., <br> Defendants. | No. 2:16-cv-2584-KJM-KJN (PS) <br><br> FINDINGS AND RECOMMENDATIONS |

On April 27, 2017, this action was before the undersigned to address plaintiff Joseph Cuviello's ("plaintiff") motion for preliminary injunction. (ECF No. 18.) Defendants City of Vallejo, Claudia Quintana, and M. Cutnick (collectively "defendants") filed a written opposition to plaintiff's motion and plaintiff filed a reply. (ECF Nos. 19, 20.) Plaintiff appeared on his own behalf. Attorney Frank Splendorio appeared on behalf of defendants. The undersigned has fully considered the parties' briefs, appropriate portions of the record, and oral arguments. For the reasons that follow, the court recommends that plaintiff's motion for preliminary injunction be denied.

I.  Factual Allegations and Procedural Background

Plaintiff alleges that he engaged in a series of peaceful demonstrations concerning animal rights at the Six Flags Discovery Kingdom in Vallejo, California. (ECF No. 1 ["Compl."].) During some of these protests, plaintiff utilized an electric bullhorn to amplify his voice, and a

1

television displaying video footage of animals being abused by humans with sound projecting through its speakers. (Id.) During a protest on June 20, 2015, plaintiff used an electric bullhorn during a demonstration and was told by a fellow demonstrator that a City of Vallejo police officer had informed him that individuals could not use a bullhorn without first obtaining a permit. (Id. ¶ 27; Declaration of Joseph Cuviello in Support of Motion for Preliminary Injunction ["Cuviello Decl."] ¶ 14.) Plaintiff subsequently approached the officer about the need for a permit, and the officer informed him that Vallejo Municipal Code Chapter 8.56 makes it unlawful to use any sound amplifying or loudspeaking device without first obtaining a permit. (Compl. ¶ 28; Cuviello Decl. ¶ 15.) Plaintiff alleges that he decided to not use his bullhorn at the June 20, 2015 demonstration after speaking with the officer because he did not want to be arrested. (Compl. ¶ 30.)

On July 14, 2015, plaintiff faxed an application to obtain a permit to use a sound amplifying or loudspeaking device to the Vallejo Police Department, four days prior to a demonstration he planned to attend, but plaintiff never received a reply before that demonstration. (Cuviello Decl. ¶ 18.) Plaintiff did not use a bullhorn at that demonstration, which occurred on July 18, 2015, out of fear of being arrested. (Id.)

Between July 4, 2015, and September 11, 2015, plaintiff researched Chapter 8.56 and case law regarding the legality of using a bullhorn for free speech purposes and formed a belief that Chapter 8.56 was unconstitutional. (Cuviello Decl. ¶ 19.) On September 11, 2015, plaintiff sent an email to the Vallejo City Attorney's Office contesting the constitutionality of Chapter 8.56 on First Amendment grounds, and defendant Claudia Quintana, an attorney at the Vallejo City Attorney's Office, replied that that section constituted a permissible time, place, and manner restriction. (Compl. ¶¶ 38-40; Cuviello Decl. ¶¶ 22-24.)

On September 15, 2015, plaintiff attended a demonstration at Six Flags Discovery Kingdom and utilized a bullhorn. (Cuviello Decl. ¶ 25.) Plaintiff was approached by a City of Vallejo police officer during this demonstration, but the officer never commented on plaintiff's use of the bullhorn, let alone ask whether plaintiff had a permit to use that device. (Id.)

////

Plaintiff attended another demonstration at Six Flags Discovery Kingdom on October 31, 2015. (Compl. ¶ 42; Cuviello Decl. 26.) During this demonstration, plaintiff used an electronic bullhorn to project his voice and a television projecting video and audio of people hitting elephants. (Id.) Also during this demonstration, defendant Cutnick approached plaintiff and asked plaintiff whether he had a permit to use the bullhorn. (Id.) Plaintiff replied that he did not and asked Cutnick whether he would be arrested if he continued to use the device. (Id.) Cutnick responded by stating that plaintiff would not be arrested, but that the bullhorn would be confiscated as evidence of a crime. (Id.) Plaintiff also asked whether the television would be confiscated, and Cutnick responded that it would not, because it did not constitute sound amplifying or loudspeaking device within the meaning of Chapter 8.56. (Compl. ¶ 43; Cuviello Decl. ¶ 27.)

Between November 21, 2015, and June 18, 2016, plaintiff attended three additional demonstrations at Six Flags Discovery Kingdom. (Compl. ¶ 44; Cuviello Decl. ¶¶ 28-30.) Plaintiff alleges that he did not use a bullhorn during these demonstrations based on what defendant Cutnick had told him on October 31, 2015. (Id.) However, other demonstrators used electronic bullhorns during each demonstration without a permit to engage in that activity, but the City of Vallejo police officers present during those events did not attempt to stop those demonstrators. (Id.)

Based on these allegations, plaintiff asserts the following five causes of action: (1) violations of the First Amendment's Free Speech Clause and Fourteenth Amendment Equal Protection Clause pursuant to 42 U.S.C. § 1983; (2) conspiracy to violate the First and Fourteenth Amendments of the United States Constitution and Article 1 Section 2(a) of the California Constitution; (3) violation of Article 1 Section 2(a) of the California Constitution; (4) facial and as-applied challenges to Vallejo Municipal Code Chapter 8.56; and (5) violation of California Civil Code Section 52.1.[1] (Compl. ¶¶ 61-96.)

////

---

[1] The court notes that the first two causes of action asserted in the complaint actually consist of two or more distinct claims against each defendant.

3

1    On March 27, 2017, plaintiff filed his present motion for preliminary injunction. (ECF No. 18.) Through this motion, plaintiff requests the court to issue a preliminary injunction "enjoining the enforcement of Chapter 8.56, Section 8.56.010 [of the City of Vallejo Municipal Code] on the grounds that it impermissibly violates the First Amendment to the United States Constitution and the California Constitution's Liberty of Speech Clause." (Id. at 10.)

II.    Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must demonstrate that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Boardman v. Pacific Seafood Grp., 822 F.3d 1011, 1020 (9th Cir. 2016) (quoting Winter, 555 U.S. at 20). "'[A]t an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.'" Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2008) (quoting Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). Where a party has not shown likelihood of success on the merits, or at least the existence of serious questions going to the merits, the court need not address the remaining Winter elements. See Pimentel v. Dreyfus, 670 F.3d 1096, 1111 (9th Cir. 2012).

////
////
////
////
////
////
////
////
////

4

1   III.   Discussion[2]

2          A.     Likelihood of Success on the Merits

In his complaint, plaintiff asserts five separate causes of action. However, the potential success of each of those five causes of action hinges on the success of plaintiff's facial and as-applied challenges to Vallejo Municipal Code Chapter 8.56 on First Amendment free speech grounds that form the basis of plaintiff's fourth cause of action.[3] For instance, plaintiff's third cause of action is based on allegations that defendants' enforcement of Chapter 8.56 violates Article 1, Section 2(a) of the California Constitution, which is co-extensive with the First Amendment to the United Constitution for purposes of analyzing plaintiff's challenges to Chapter 8.56. See Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 857-58 (9th Cir. 2004) ("California's

---

[2] Plaintiff requests that the court take judicial notice of the following three documents: (1) Vallejo Municipal Code Chapter 8.56; (2) Vallejo Municipal Code Chapter 7.84; and (3) an ex parte application for an order to show cause regarding a preliminary injunction and temporary restraining order, filed by Park Management Group on May 19, 2014, in Solano County Superior Court Case No. FCS043477. (ECF Nos. 15-3, 22.) A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court declines to take judicial notice of the ex parte application, as it is not relevant to the resolution of plaintiff's motion for preliminary injunction. However, the other two documents are proper subjects for judicial notice. See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 (9th Cir. 2006) (taking judicial notice of municipal ordinances); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that judicial notice may be taken of public records); Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977) ("[C]ity ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice."). Accordingly, plaintiff's request for judicial notice is granted as to Vallejo Municipal Code Chapters 7.84 and 8.56.

[3] The only exception to this is the portions of plaintiff's first and second causes of action premised on the Fourteenth Amendment's Equal Protection Clause. However, plaintiff's allegations fail to demonstrate that he will likely prevail on those Fourteenth Amendment claims. "In order to maintain an equal protection claim, a plaintiff must show that he was singled out for undesirable treatment on an impermissible basis." Mujahid v. Sumner, 996 F.2d 1226 (9th Cir. 1993) (citing Badea v. Cox, 931 F.2d 573, 577 (9th Cir. 1991)). Nothing alleged in plaintiff's complaint indicates that Chapter 8.56 was administered by defendants in a manner that singled plaintiff out in a discriminatory manner. Accordingly, the court finds that plaintiff fails to demonstrate that he will likely prevail on his claims based on the Fourteenth Amendment's Equal Protection Clause.

'formulation of the time, place, and manner test was fashioned from a long line of United States Supreme Court cases.' . . . We therefore apply federal time, place and manner standards." (citation omitted).) Similarly, plaintiff's first and second causes of action are based on the alleged unconstitutionality of Chapter 8.56. Finally, plaintiff's fifth cause of action under California Civil Code § 52.1 is based on allegations that defendants interfered with plaintiff's free speech rights under the United States Constitution and California Constitution by attempting to enforce Chapter 8.56. Accordingly, as an initial matter, the court addresses the likelihood of success on the merits of plaintiff's facial and as-applied challenges to Chapter 8.56 on First Amendment grounds in order to assess globally whether there exists a likelihood of success on the merits for any of plaintiff's causes of action.[4]

A facial challenge to an ordinance or other legislative act is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [ordinance] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). The fact that an ordinance "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid," except in the limited context of an overbreadth challenge under the First Amendment, which plaintiff does not appear to assert as part of his First Amendment challenge to Vallejo Municipal Code Chapter 8.56.[5] Id.

---

[4] Defendants also assert as an initial matter that plaintiff lacks standing to assert his claims in this action because they are all premised on the fact that the demonstrations plaintiff attended occurred in a traditional public forum, while the parties have determined through meet and confer efforts that those demonstrations actually occurred in an area that has been adjudicated by another court to be a non-public forum as a matter of law. The court finds this argument unavailing at this juncture because the only evidence defendants offer with regard to this assertion is an email chain between defendants' counsel and plaintiff containing aerial photographs of Six Flags Discovery Kingdom with markings allegedly indicating the locations where the demonstrations plaintiff allegedly attended took place. (ECF No. 19-1.) Nothing from this showing convincingly demonstrates to the court the validity of defendants' assertion. Perhaps in recognition of this fact, defendants claim in their opposition that they will be able to prove their assertion in a forthcoming dispositive motion. Until defendants are able to make a showing that plaintiff lacks standing to bring this action, however, the court will not recommend dismissal of this action on the grounds defendants assert.

[5] Even in the context of a First Amendment challenge for overbreadth, "[o]nly a statute that is substantially overbroad may be invalidated on its face." Houston v. Hill, 482 U.S. 451, 458 (1987); see also United States v. Stevens, 559 U.S. 460 (2010).

6

"An 'as-applied' challenge alleges that the restriction on speech is 'unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others.'" Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 856 (9th Cir. 2004) (quoting Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998)).

> An as applied challenge may seek (1) relief from a specific
> application of a facially valid statute or ordinance to an individual
> or class of individuals who are under allegedly impermissible
> present restraint or disability as a result of the manner or
> circumstances in which the statute or ordinance has been applied, or
> (2) an injunction against future application of the statute or
> ordinance in the allegedly impermissible manner it is shown to have
> been applied in the past. It contemplates analysis of the facts of a
> particular case or cases to determine the circumstances in which the
> statute or ordinance has been applied and to consider whether in
> those particular circumstances the application deprived the
> individual to whom it was applied of a protected right."

Tobe v. City of Santa Ana, 9 Cal. 4th 1069, 1084 (1995) (citing Broadrick v. Oklahoma, 413 U.S. 601, 615-16 (1973)). "If a plaintiff seeks to enjoin future, allegedly impermissible, types of applications of a facially valid statute or ordinance, the plaintiff must demonstrate that such application is occurring or has occurred in the past." Tobe, 9 Cal. 4th at 1084; see also Bowen v. Kendrick, 487 U.S. 589, 621 (1988) (holding that an as-applied challenge to a statute on First Amendment grounds could be resolved only by considering how the challenged statute was being administered).

Here, City of Vallejo Municipal Code Chapter 8.56 provides, in pertinent part, that that "[i]t is unlawful for any person, firm, corporation, association, club, partnership, society, or any other organization, to operate or cause to be operated any sound amplifying or loudspeaking device, or any lighting equipment used to attract public attention, upon any public street, parkway, thoroughfare, or on privately or publicly owned property, without first obtaining a permit from the chief of police to do so." Id. § 8.56.010. It provides further that

> "[t]he [City of Vallejo] chief of police shall issue a permit for the
> operation of sound amplifying or loudspeaker equipment within ten
> days after receipt of the application therefor, which shall be subject
> to the following regulations:

7

A. The only sounds permitted are music or human speech;

B. The permitted hours of operation shall be between the hours of ten a.m. and sunset. In the case of events or activities occurring at public parks or the waterfront or in special circumstances, applications for the use of sound amplifying or loudspeaker equipment for hours other than those specified above may be approved by the chief of police;

C. If mounted upon a vehicle, sound amplifying equipment shall not be operated unless the vehicle upon which such equipment is mounted is operated at a speed of at least five miles per hour except when said vehicle is stopped or impeded by traffic. Where stopped by traffic the sound amplifying equipment shall not be operated for longer than one minute at each such stop;

D. Sound shall not be issued within one hundred yards of hospitals, clinics, animal care facilities, schools, churches, courthouses, or public libraries;

E. The human speech and music amplified shall not be profane, lewd, indecent, or slanderous;

F. The volume of sound shall be controlled so that it will not be audible for a distance in excess of one hundred feet from the sound truck and so that said volume is not unreasonably loud, raucous, jarring, disturbing, or nuisance to persons within the area of audibility;

G. No sound amplifying equipment shall be operated with an excess of fifteen watts of power in the last stage of amplification.

Id. § 8.56.030.

Plaintiff first argues that the permit requirement for sound amplifying or loudspeaking devices set forth in section 8.56.010 of Chapter 8.56 is not content neutral because it targets the use of such devices for the purpose of "attract[ing] public attention." Plaintiff also argues that the prohibition on "profane, lewd, indecent, or slanderous" speech set forth in section 8.56.030 of Chapter 8.56 also demonstrates that the ordinance is not content neutral. Accordingly, plaintiff contends, the ordinance violates the First Amendment unless defendants meet the strict scrutiny standard, which requires them to demonstrate that the ordinance is narrowly tailored to serve a

compelling governmental interest. Plaintiff's arguments are not well taken.

First, plaintiff's assertion that the ordinance requires a permit for use of a sound amplifying or loudspeaking device only when such a device is to be used for the purpose of attracting public attention is not reflected in the clear language of the ordinance itself. The plain language of the Chapter 8.56 demonstrates that the terminology "used to attract public attention" refers only to the use of lighting equipment, not sound amplifying or loudspeaking devices. Id. § 8.56.010. Indeed the terminology is placed only in the ordinance's clause relating to lighting equipment, and not the separate clause relating to sound amplifying or loudspeaking devices. Furthermore, as defendants correctly note in their opposition to plaintiff's motion, the permit application form plaintiff purportedly filed with the City of Vallejo attached to his declaration in support of his motion for preliminary injunction clearly delineates "sound amplifying or loudspeaking device[s]" and "lighting equipment used to attract public attention" as two separate categories of devices governed by the ordinance. (Cuviello Decl. Exh. A.) Therefore, to the extent plaintiff claims that the permit requirement for sound amplifying or loudspeaking devices is not content neutral because it is limited to the use of such devices for the purpose of attracting public attention, that assertion is based on both an unsound reading of the ordinance itself, and a mischaracterization of plaintiff's own claims regarding how the ordinance operates in practice.

Moreover, even if that passage were to be construed to require a permit for use of a sound amplifying or loudspeaking device only when such a device is used for the purpose of attracting public attention, it is still not a restriction on the content of speech. Under the ordinance, a permit is required to use a sound amplifying or loudspeaking device regardless of the content of the speaker's message or viewpoint, even if the permit requirement was strictly limited to instances where such a device is used for the purpose of attracting public attention.

Plaintiff also argues that the ordinance targets the content of speech because even if a permit is issued for the use of a sound amplifying or loudspeaking device, the ordinance still restricts a speaker from using such a device to engage in speech that is "profane, lewd, indecent, or slanderous." However, even assuming *arguendo* that such a restriction could conceivably restrict some constitutionally protected speech in the sweep of this prohibition, plaintiff still fails

9

to demonstrate how such a sweep would likely render his facial and as-applied challenges to the ordinance meritorious. First, in order to successfully make his facial challenge to the ordinance, plaintiff must show that "no set of circumstances exists under which the [Chapter 8.56] would be valid." Salerno, 481 U.S. at 745. The mere potential that the ordinance's prohibition on "profane, lewd, indecent, or slanderous" might preclude some constitutionally protected speech under certain circumstances that could conceivably arise does not render it wholly invalid under the First Amendment. As the United States Supreme Court has held, the fact that an ordinance "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid" for purposes of supporting a facial challenge. Id. Accordingly, plaintiff fails to show that his facial challenge to the ordinance under the First Amendment will likely succeed on the merits based on the ordinance's prohibition of "profane, lewd, indecent, or slanderous" speech.

Furthermore, with regard to plaintiff's as-applied challenge, the allegations of the complaint fail to demonstrate that City of Vallejo officials have used the "profane, lewd, indecent, or slanderous" language in the ordinance in the past to hold plaintiff or any other individual in violation of the ordinance, or that an official has even threatened enforcement on such a basis. Furthermore, plaintiff in no way demonstrates that the type of speech he allegedly seeks to engage in using a sound amplifying or loudspeaking device could present a reasonable risk of being deemed as "profane, lewd, indecent, or slanderous" under the ordinance. "If a plaintiff seeks to enjoin future, allegedly impermissible, types of applications of a facially valid statute or ordinance, the plaintiff must demonstrate that such application is occurring or has occurred in the past." Tobe, 9 Cal. 4th at 1084. Here, plaintiff's allegations make no such showing, therefore seriously suggesting that plaintiff's as-applied challenge to the ordinance on the basis that it constitutes a content-based restriction on free speech is without merit.

Plaintiff's second basis for his facial and as-applied challenges to Chapter 8.56 is based on the alleged vagueness of certain portions of the ordinance's language. First, plaintiff contends that the language of the ordinance is so vague that it essentially delegates almost unfettered discretion to City of Vallejo officials regarding its enforcement. In particular, plaintiff argues that

the ordinance provides the City of Vallejo Chief of Police too great a degree of discretion in deciding whether to issue a permit. In apparent support of this argument, plaintiff cites to the United States Supreme Court's holding in Saia v. People of State of N.Y., 334 U.S. 558 (1948), wherein the Court struck down a municipal ordinance requiring individuals seeking to use sound amplification equipment to amplify speech to first obtain a permit from the City's Chief of Police. In Saia, the Supreme Court found that the ordinance at issue violated the First Amendment's right to free speech because it provided the Chief of Police complete discretion as to whether to issue a permit upon receiving an application, and because it was "not narrowly drawn to regulate the hours or places of use of loud-speakers, or the volume of sound (the decibels) to which they must be adjusted." Id. at 559.

Here, section 8.56.030 of Chapter 8.56 provides that "[t]he chief of police *shall* issue a permit for the operation of sound amplifying or loudspeaker equipment within ten days after receipt of the application therefor" (emphasis added). Unlike the ordinance struck down by the Supreme Court in Saia, Chapter 8.56 provides the chief of police no discretion as to whether a permit should be issued upon receipt of a properly filed application beyond when the permit should be issued within the ten-day period provided for under section 8.56.030. Furthermore, unlike the ordinance at issue in Saia, Chapter 8.56 is narrowly drawn to contain reasonable restrictions relating to the hours of use ("between the hours of ten a.m. and sunset"), places of use ("not within one hundred yards of hospitals, clinics, animal care facilities, schools, churches, courthouses, or public libraries"), and volume of sound ("[n]o sound amplifying equipment shall be operated with an excess of fifteen watts of power in the last stage of amplification."). Id. § 8.56.030.

Plaintiff also asserts that the language of the ordinance gives too much discretion to police officials enforcing the ordinance because it allows them to impose liability based on their own tastes or views. However, again, plaintiff's argument is belied by the plain language of the ordinance. Either the user of a sound amplifying or loudspeaking device has obtained a permit, under which circumstance an official may not find the user in violation of the ordinance unless the user violates the reasonable time, place, and manner restrictions discussed above, or the user

11

1 has not obtained such a permit, under which circumstance an official may find the user in
2 violation of the ordinance.

3 Plaintiff also asserts that the ordinance's timing mechanism regarding when a permit is to issue is unconstitutionally vague. Plaintiff argues that the language regarding the ten-day period given to the City of Vallejo Chief of Police to issue a permit upon receipt of an application makes it unclear regarding whether an applicant must submit an application at least ten days prior to the date on which he or she intends to use a sound amplifying or loudspeaking device. However, the language of the ordinance is sufficiently clear to demonstrate that an individual may use a sound amplifying or loudspeaking device once he or she receives a permit from the City of Vallejo's Chief of Police, which will be issued to that person within ten days of a properly filed application, and that it is unlawful to use such a device prior to receiving a permit. Accordingly, plaintiff's argument regarding the clarity of the timeline for the issuance of a permit under Chapter 8.56 is without merit.

Finally, plaintiff contends that the term "sound amplifying or loudspeaking device" is unconstitutionally vague because Chapter 8.56 does not contain a definition of what exactly constitutes such a device. Plaintiff contends that this vagueness is revealed through the alleged fact that plaintiff initially believed that both the bullhorn and television he used during the demonstrations constituted such a device. However, plaintiff's other allegations in the complaint and his own statements in his declaration belie this assertion. First, plaintiff both alleges and declares that he sought to obtain a permit only for the bullhorn he used, not the television, after having read Chapter 8.56, therefore indicating that plaintiff was able to understand from the plain language of the ordinance what types of devices are subject to the permit requirement. (Compl. ¶¶ 32-34; Cuviello Decl. ¶¶ 18-19.) Furthermore, plaintiff both alleges and declares that he was subsequently told by a City of Vallejo official that Chapter 8.56's permit requirement applies to devices such as plaintiff's bullhorn, but not the television he used during the demonstrations. (Compl. ¶¶ 42-43; Cuviello Decl. ¶¶ 26-27.) Accordingly, plaintiff's assertion regarding the vagueness of the term "sound amplifying or loudspeaking device" is not well taken.

////

More importantly, the plain language "sound amplifying or loudspeaking device" does not appear to be unconstitutionally vague in the context in which it that term is placed in the ordinance. "[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989); see also Grayned v. City of Rockford, 408 U.S. 104, 110 (1972) ("Condemned to the use of words, we can never expect mathematical certainty in our language"); Kovacs v. Cooper, 336 U.S. 77, 79 (1949) (rejecting vagueness challenge to city ordinance forbidding "loud and raucous" sound amplification). While the ordinance does not specifically spell out which specific devices fall within the term "sound amplifying or loudspeaking device," the plain language of that term indicates with sufficient clarity that it encompasses devices designed with specific purpose of amplifying sound, i.e., bullhorns and similar devices. Accordingly, plaintiff's argument that the term "sound amplifying or loudspeaking device" is unconstitutionally vague is without merit.

Rather than acting as a content-based restriction subject to strict scrutiny, the permit requirement contained in Chapter 8.56 appears to be more in the nature of a time, place, and manner restriction. "'[R]easonable time, place, [and] manner restrictions' on speech are permissible." Long Beach Area Peace Network v. City of Long Beach, 574 F.3d 1011, 1023 (9th Cir. 2009) (quoting Clark v. Cmty. for Creative Non-Violence, 468 U.S. 288, 293 (1984)). "Such restrictions can include permitting requirements for core First Amendment speech in traditional public fora." Id. "[R]estrictions of this kind are valid provided that they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Clark, 468 U.S. at 293. In addition, "a permitting scheme 'may not delegate overly broad licensing discretion to a government official.'" Long Beach Area Peace Network, 574 F.3d at 1024 (quoting Forsyth County v. Nationalist Movement, 505 U.S. 123, 130 (1992)).

Here, as discussed above, plaintiff fails to show how the regulation contained in the ordinance at issue is based on the content of the covered speech, or that it delegates overly broad licensing discretion to City of Vallejo officials. Furthermore, plaintiff appears to admit in his

13

motion that the City of Vallejo has not only a significant, but compelling, governmental interest in "preventing noise disturbances." (ECF No. 18 at 22.) Nevertheless, plaintiff does argue that the restriction is not narrowly tailored to meet that governmental interest because there exists another City of Vallejo ordinance, Chapter 7.84, which plaintiff claims adequately addresses the same noise disturbance concerns underlying Chapter 8.56 without the permit requirement contained in the latter ordinance. However, a review of Chapter 7.84 reveals that it regulates the use of any and all loud, unnecessary, and unusual noise, not just the use of sound amplifying devices, and does not contain the permit requirement and other restrictions contained in Chapter 8.56 that appear to specifically address noise concerns associated with the use of the types of sound amplifying devices regulated by that latter Chapter. Indeed, the City of Vallejo's interest in regulating the use of sound amplifying devices through the use of the permitting scheme set forth in Chapter 8.56 appears to advance a more particularized governmental interest, i.e., the regulation of the use of sound amplifying devices that could likely produce sound at a level that would disturb the peace, than the more general interest in reducing noise disturbances regardless of source. While both Chapters may appear to have a similar ultimate aim, the reduction of noise disturbances within the City of Vallejo, Chapter 8.56 targets a particular source of potential noise disturbance and adds a layer of additional regulation, i.e., the permit requirement and additional time, place, and manner restrictions on use, that is narrowly tailored to address the potential for noise disturbances that could likely result from that type of source. Therefore, plaintiff's argument that Chapter 8.56 is not narrowly tailored to serve the City of Vallejo's governmental interest in reducing noise disturbances based on the existence of Chapter 7.84 is without merit.

Finally, plaintiff's own allegations make it clear that Chapter 8.56 leaves open ample alternative channels for communication. Plaintiff alleges that city officials viewed his use of a television displaying both video and audio to convey his message during the demonstrations he has attended as not falling under Chapter 8.56 permit requirement. Furthermore, Chapter 8.56's requirements apply only to a narrow class of devices, leaving all other forms of communication free from that ordinance's restrictions. In short, the ordinance plaintiff challenges appears to be a reasonable time, place, and manner restriction, and plaintiff fails to demonstrate that it violates

14

the First Amendment either on its face or as applied to plaintiff. Moreover, it is unlikely that plaintiff will be able to succeed on the merits of any of his causes of action either because they rely entirely on his facial and as-applied challenges to Chapter 8.56. Accordingly, the court finds that the "likelihood of success on the merits" prong of the Winter test militates against the issuance of the preliminary injunctive relief plaintiff requests.

### B. Likelihood of Irreparable Harm

Plaintiff argues that he is likely to suffer irreparable harm absent the issuance of a preliminary injunction, because he contends that enforcement of Chapter 8.56 will result in a loss of his First Amendment freedoms. However, as discussed above plaintiff fails to demonstrate that that ordinance is likely unconstitutional, either on its face or as applied to plaintiff, on First Amendment grounds. Furthermore, plaintiff's own allegations in the complaint and declaration in support of his motion for preliminary injunction demonstrate that no enforcement action under Chapter 8.56 has been taken against him or other individuals for using a bullhorn during a demonstration. While plaintiff alleges that defendant Cutnick threatened to confiscate plaintiff's bullhorn pursuant to Chapter 8.56 because plaintiff lacked a permit during the October 31, 2015 demonstration, plaintiff also alleges that City of Vallejo officials have not sought to enforce Chapter 8.56 against several other individuals who have used bullhorns at demonstrations without permits during multiple subsequent demonstrations at Six Flags Discovery Kingdom. Accordingly, to the extent plaintiff could even establish a risk of harm, he fails to show a risk of "immediate threatened injury," which is "a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

### C. Balance of Hardships

Plaintiff contends that the balance of hardships tips in his favor because he will suffer a curtailment of his First Amendment right to free speech if the requested preliminary injunction is not issued, while defendants will suffer no harm if the injunction is issued because City of Vallejo Municipal Code Chapter 7.84 would still adequately protect the City of Vallejo's interest in preventing noise disturbances. This assertion is flawed for two reasons. First, plaintiff fails to establish that Chapter 8.56 violates the First Amendment either on its face, or as applied to

plaintiff. Second, as discussed above, Chapter 7.84 does not address the particularized governmental interest furthered by Chapter 8.56's permit requirement. If anything, it appears that the balance of hardships actually tips in defendants' favor as the City of Vallejo would be hindered in its ability to further its governmental interest in regulating the time, place, and manner of use of sound amplifying or loudspeaking devices if the injunctive relief plaintiff requests were granted.

### D. Public Interest

Finally, plaintiff contends that the public interest prong of the Winter test favors his request for a preliminary injunction because the public interest always lies with an individual's ability to assert his First Amendment rights. However, again, plaintiff fails to establish that Chapter 8.56 actually abridges his ability to engage in free speech in a manner that violates the First Amendment. Under such circumstances, the court finds that the public interest more likely favors the regulation of the types of noise disturbances Chapter 8.56 seeks to control.

## IV. Conclusion

For the reasons discussed above, plaintiff fails to demonstrate that any of the four Winter factors favor issuance of the preliminary injunction plaintiff seeks through his motion. Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 18) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

////

////

Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: April 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE