**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FRANK A. SPLENDORIO**
Deputy City Attorney, SBN 272601
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
E-mail: Frank.Splendorio@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO, CITY ATTORNEY CLAUDIA QUINTANA, AND POLICE OFFICER M. KOUTNIK (ERRONEOUSLY SUED AS M. CUTNIK)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH P. CUVIELLO, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO AND CITY OF VALLEJO CITY ATTORNEY CLAUDIA QUINTANA, CITY OF VALLEJO POLICE OFFICER M. CUTNICK, and ONE DOE VALLEJO POLICE OFFICER, in their individual and official capacities, Jointly and Severally,<br><br>Defendants. | Case No.  2:16-cv-02584-KJM-KJN PS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS OF AUTHORIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>DATE:         June 8, 2017<br>TIME:         10:00 a.m.<br>CRTRM:    25, 8th Floor |

Defendants City of Vallejo, and Claudia Quintana and Officer Koutnik (erroneously sued herein as "Cutnick"), in their individual and official capacities (collectively, "Defendants"), hereby file this Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Summary Judgment (hereinafter, "Motion").

//

//

Case No. 2:16-cv-02584-KJM-KJN PS    DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

-1-

# I.

## PROCEDURAL BACKGROUND

On March 10, 2017, the Court ordered Defendants to file a motion within 60 days in lieu of setting a scheduling order at that time. The Court's order was made in view of defense counsel's objections that Defendants have a defense to the free speech-related claims, and thus the Court ordered Defendants to file their motion before any scheduling order may issue.

This Motion for Partial Summary Judgment is made pursuant to that Order, in hopes to eliminate causes of action one through four summarily on res judicata (collateral estoppel) grounds and economize this litigation. Accordingly, Defendants do not raise and cannot raise at this early time, every potentially exonerating defense. Defendants expressly reserve their right to do so at a later time, and that filing the instant motion does not preclude the Defendants from filing any further dispositive motion on any other grounds, should such a motion become necessary. However, since Defendants have enough authority at this time to raise this defense, it does so now for judicial economy and efficiency, and eliminate most pre-trial issues.

# II.

## STATEMENT OF RELIEF REQUESTED

Plaintiff's first through fourth causes of action should be dismissed based upon application of the doctrine of res judicata, and specifically, collateral estoppel (issue preclusion).

# III.

## ISSUES TO BE DECIDED

1. Plaintiff's first cause of action for violation of the first and fourteenth amendments of the federal constitution fails as a matter of law as it is undisputed that Plaintiff does not enjoy constitutional protection to protest on another's private property that has been previously adjudicated by a state court to be a non-public forum.

2. Plaintiff's second cause of action for conspiracy to violate the first and fourteenth amendments of the federal constitution fails as a matter of law as no conspiracy can lie where it is undisputed that Plaintiff does not enjoy any underlying constitutional protection to protest on

another's private property that has been previously adjudicated by a state court to be a non-public forum.

3. Plaintiff's third cause of action for violation of Article 1, Section 2(a) of the California Constitution a fails as a matter of law as it is undisputed that Plaintiff does not enjoy constitutional protection to protest on another's private property that has been previously adjudicated by a state court to be a non-public forum.

4. Plaintiff's fourth cause of action for violation of the first and fourteenth amendments of the federal constitution fails as a matter of law as it is undisputed that Plaintiff does not enjoy constitutional protection to protest on another's private property that has been previously adjudicated by a state court to be a non-public forum.

## IV.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rules of Civil Procedures Rule 56, provides that summary judgment as to all or any part of a claim shall be rendered if there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Material facts are those that affect the outcome of the case. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). A "genuine issue" of a material fact exists if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). As the Supreme Court emphasized, "[w]hen the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts…where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id. citing Matsushita Elec. Indus. Co v. Zenith Radio Corp.,* 475 US 574, 586-587 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  "When the non-moving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the non-moving party's case."  *Devereaux v. Abby,* 263 F.3d 1070, 1076 (9th Cir. 2001) [internal quotations omitted].  This showing may be made by "pointing out through argument – the absence of evidence to support plaintiff's claim."  *Id.* quoting *Fairbank v. Winderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where a sufficient showing is not made, the moving party is entitled to judgment as a matter of law.  *Id.* at 323.

As the Supreme Court has explained in *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 885 (1990), quoting *Celotex, supra*, p. 323,

> *Celotex* made clear that Rule 56 does not require the moving party to negate the elements of the nonmoving party's case; to the contrary, 'regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should be granted so long as whatever is before the District Court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c) is satisfied.'

The Court may grant partial summary judgment against those claims which Plaintiff has failed to provide evidence of a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(a).

As will be explained in detail below, Plaintiff cannot present any evidence in support of his free speech claims.

//

//

Case No. 2:16-cv-02584-KJM-KJN PS                    DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

-4-

# V.

# STATEMENT OF FACTS

On October 31, 2015, Plaintiff alleges he was "demonstrating in a public forum" when Officer Koutnik and an unnamed Vallejo Police Department officer "threatened" to enforce Chapter 8.56 of the Vallejo Municipal Code against Plaintiff, by confiscating Plaintiff's bullhorn. Plaintiff's Complaint, ¶ 63.

Plaintiff was standing in walkway inside a pedestrian island located west of Fairgrounds Drive. UF No. 1. At all times relevant to this lawsuit, Plaintiff has either demonstrated at that location, or along the sidewalk on a side road that parallels Fairgrounds Drive. UF No. 2.

On May 8, 2014, Park Management Corp. ("PMP") filed a lawsuit in the Solano County Superior Court, entitled *Park Management Corp. v. In Defense of Animals, et al.,* Case No. FCS 043477 ("underlying action"), to enjoin several Defendants from trespassing on Six Flags Discovery Kingdom Property.[1] UF No. 3. It is undisputed that Cuviello intervened as a Defendant-in-Intervention in the underlying action. UF No. 4.

On December 6, 2015, PMP filed its Motion for Summary Judgment to permanently enjoin Cuviello from protesting on Six Flags Property. UF No. 5. The issue on that motion for the Court was precisely the following: whether "Defendant, Cuviello should be enjoined from conducting protests or picketing on the <u>privately owned</u> Six Flags Discovery Kingdom's driving and walking paths, parking lots, and entrance and admission areas." UF No. 6.

The key dispositive issue in that proceeding was whether Plaintiff had a constitutional right to protest on Six Flags' privately owned property, as a public or quasi-public forum. UF No. 7. Plaintiff vigorously argued and proffered evidence that the Six Flags Discovery Kingdom is a public and quasi-public forum as it has been zoned for "public and quasi-public" use. UF No. 8. He argued that the "sole argument that demonstrations should not be allowed on site at SFDK depends entirely upon the notion that the character and nature of SFDK property" is similar to other cases holding property as a non-public forum. UF No. 9. Plaintiff argued that Six Flags was a public use facility entitled to status as a public forum. UF No. 10.

---

[1] The original defendants were Deborah Classen, Janet Locke, and Deniz Bolbol.

Case No. 2:16-cv-02584-KJM-KJN PS     DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

-5-

In their reply memorandum, PMP made clear that Six Flags' property, includes "<u>all of the property extended to the west of Fairgrounds Drive</u>."  UF No. 11.  PMP supported this claim that their property included "all of the property" "west of Fairgrounds Drive" with a document that included the legal description of the property's boundary lines.  UF No. 12.

All of the property "west of Fairgrounds Drive" as proffered in PMP's MSJ in the Underlying Action, includes the location of the subject protest areas here.  UF No. 13.

On March 18, 2016, the Court granted PMP's Motion for Summary Judgment.  UF No. 14.  In granting the Motion, the core issue was whether it was a public forum under California law.  UF No. 15.  The Court noted that "private property owners may therefore restrict free speech on any areas of their private property in which members of the public have not been invited, through the design and features of the property, to relax and converse."  UF No. 16. After finding that "Plaintiff privately owns the park premises, including the parking lots, and the front entrance and admission areas, and that it does not include any common areas for guests to congregate for purposes of entertainment" it held that it was not a public forum.  UF No. 17.

As such, the Court broadly ordered and held the following:  "Defendant, JOSEPH CUVIELLO . . . [is] permanently enjoined from *conducting protests or picketing on the privately owned premises of Plaintiff*, namely Six Flags Discovery Kingdoms driving and walking paths, parking lots, and entrance and admission areas, located at 1001 Fairgrounds Dr., Vallejo, California, 94589."  UF No. 18.

At bottom, the Court ruling was that Six Flags Discovery Kingdom is not a public forum, and therefore, Plaintiff was enjoined from protesting on it, *in toto*.

Here, it will be shown, that since the current location where Plaintiff is protesting is within Six Flags Discovery Kingdom's private property (UF No. 13), Plaintiff is precluded from arguing he has a constitutional right to protest therefrom in light of the state court's ruling that it is a non-public forum.

//

//

//

Case No. 2:16-cv-02584-KJM-KJN PS               DEFENDANTS' MEMORANDUM OF POINTS
                                                AND AUTHORITIES IN SUPPORT OF
                                                MOTION FOR PARTIAL SUMMARY
                                                JUDGMENT
-6-

# VI.

# ARGUMENT

### A. Issue Preclusion Law

Under the Full Faith and Credit Act, federal courts must give state courts "the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738; see *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986).

"The doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion." *Robi v. Five Platters, Inc*., 838 F.2d 318, 321-322 (9th Cir. 1988).

"Issue preclusion (sometimes called collateral estoppel) bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 (9th Cir. 2006)." *Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985, 994 (N.D. Cal. 2007)

Issue preclusion is satisfied here. As to the last two requirements, those are clearly established, as it is undisputed that Cuviello was an underlying party to the state court litigation who received the adverse judgment against him in the state court proceeding.

As to the first issue, as set forth above in the recitation of facts, the Court necessarily ruled that Six Flags Discovery Kingdom is private property that is a non-public forum (UF Nos. 13-18), and that such ruling contemplated all locations west of Fairgrounds Drive. By application of that ruling, this litigation should largely be rendered moot, for the reasons discussed below.

### B. The Effect of State Court Judgment On this Litigation

The heart of the argument here is syllogistic: (1) Six Flags Discovery Kingdom is a non-public forum (as adjudicated in the state court action); (2) the subject protest areas occurred

Case No. 2:16-cv-02584-KJM-KJN PS     DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

-7-

within Six Flags Discovery Kingdom property; (3) therefore, Plaintiff's alleged free speech violations are moot and inapplicable.

In the underlying litigation, the state court ruled that under the California constitution, Six Flags Discovery Kingdom is private property that does not enjoy public or quasi-public forum status. As such, Plaintiff was enjoined from protesting on Six Flags' private property. The Court's detailed order analyzed California constitutional free speech law relative to Six Flags private property. After a lengthy analysis, the Court concluded that, under the Liberty Clause of the California Constitution, Six Flags is a non-public forum. As such, PMP's Motion for Summary Judgment was granted.

The state court's ruling has preclusive effect here. Since the Liberty Clause is broader than the First Amendment (*Kuba v. 1-A Agric. Ass'n*., 387 F.3d 850, 856 (9th Cir. 2004)), the state court's ruling under the California Constitution is also completely applicable as to Plaintiff's federal constitutional claims too. There is no argument that federal constitutional law should somehow apply differently or more favorably to Plaintiff here.

Obviously, Plaintiff is making federal and state free speech claims here arising from his protests that occurred on Six Flags' private property; property which the state court has now adjudicated to be a non-public forum. Therefore, by application of issue preclusion to this case, Plaintiff's federal and state claims must be rejected by this Court here as moot and inapplicable. As to the effect of the state court adjudication on his federal constitutional claims, the federal constitutional right to free speech does not apply to another's private property. *Hudgens v. NRLB*, 424 U.S. 507, 519-520; *Lloyd Corp. v. Tanner*, 407 U.S. 551 (1972); *Fashion Valley Mall, LLC v. National Labor Relations Bd*., 42 Cal.4th 850, 861 (2007); *Golden Gateway Center v. Golden Gateway Tenants Assn*., 26 Cal.4th 1013, 1019 (2001). Therefore, since the state court ruled that Six Flags Discovery Kingdom is a privately owned, non-public forum, Plaintiff has no constitutional rights to protest therefrom. Moreover, since the subject protests are occurring on another's property, any decision rendered by this Court in Plaintiff's favor would not and cannot redress any constitutional injury, as the private property owner has the right superior to the state

in this regard and can enforce their right to remove protestors at any time. By effect of the state court ruling, this Court here simply has no constitutional issues left to decide.

Since the state court ruled that it is not a public forum, the Plaintiff's protest activity does not enjoy freedom of speech. As such, Plaintiff's allegations that his free speech rights were abridged, by application of Chapter 8.56, is moot and a non-starter as he cannot meet the threshold question as to why he should be entitled to free speech enjoyment in the first place.

## VII.
## CONCLUSION

As a matter of law, Plaintiff cannot prosecute his action for constitutional rights violations related to free speech, where the ground from which his rights were allegedly violated, were deemed to be a non-public forum. As such, causes of action one through four should be dismissed.

DATED:  May 9, 2017                                    Respectfully submitted,


*/s/ Frank A. Splendorio*
FRANK A. SPLENDORIO
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, CLAUDIA QUINTANA,
and M. KOUTNIK