UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.<br><br>Defendants. | No. 2:16-cv-2584 KJM KJN (PS)<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

    This case asserting various federal and state law causes of action for alleged First Amendment violations was filed on October 31, 2016 by plaintiff Joseph P. Cuviello. (ECF No. 1.) On March 10, 2017, the court ordered that no pretrial scheduling order will issue until the resolution of defendant's motion regarding preclusion of plaintiff's claims by California state court action. (ECF No. 12.)

    Subsequently, on May 9, 2017, defendants filed a motion for partial summary judgment regarding the preclusion of plaintiff's claims. (ECF No. 25.) Plaintiff filed an opposition to the motion, and defendants filed a reply brief. (ECF Nos. 32, 37.) On the court's own motion, defendants' motion was taken under submission on the papers. (ECF No. 27.)

    After carefully considering the parties' written briefing, the court's record, and the applicable law, the undersigned recommends that defendants' motion for partial summary

1

judgment be granted, judgment be entered in defendants' favor, and this case be closed.

BACKGROUND

Plaintiff engaged in a series of peaceful demonstrations concerning animal rights at the Six Flags Discovery Kingdom ("SFDK") in Vallejo, California. (ECF No. 1) On October 31, 2015, plaintiff attended a demonstration located on a pedestrian island west of Fairgrounds Drive. (ECF No. 25.) During this demonstration, plaintiff used an electronic bullhorn to project his voice to direct attention to a television playing video and audio of people hitting elephants. (ECF Nos. 24, 25.) At all times relevant to this lawsuit, plaintiff demonstrated on the pedestrian island or on the sidewalk of a private side road that runs parallel to Fairgrounds Drive. (ECF No. 25.)

At the October 31, 2015 demonstration, Officer Koutnik and an unnamed Vallejo Police Department officer approached plaintiff and asked if plaintiff had a permit to use his electronic bullhorn. (ECF Nos. 24, 25.) Plaintiff responded that he did not and Officer Koutnik responded by stating that plaintiff's bullhorn would be confiscated as evidence of a crime if plaintiff continued to use the device. (Id.) Plaintiff subsequently filed suit on October 31, 2016, alleging that Officer Koutnik's statement regarding confiscation of the bullhorn was a violation of plaintiff's right to freedom of speech. (ECF No. 1.)

Plaintiff's October 31, 2016 complaint asserts the following claims: (1) Officer Koutnik's actions to enforce Vallejo Municipal Code Chapter 8.56 constitute an unconstitutional prior restraint on speech in violation of the First and Fourteenth Amendments of the United States Constitution; (2) defendants' actions violate the United States Constitution and Article 1, Section 2(a) of the California Constitution; (3) defendants' actions violate the California Constitution; (4) Vallejo Municipal Code Chapter 8.56 is unconstitutional on its face and as applied; and (5) defendants' deprivation of plaintiff's civil rights violates California Civil Code Section 52.1. (ECF No. 1.) Defendants' motion for partial summary judgment followed. (ECF No. 25.)

LEGAL STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." It further provides that "[t]he court shall grant summary judgment

if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] A shifting burden of proof governs motions for summary judgment under Rule 56. Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010). Under summary judgment practice, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact").

If the moving party meets its initial responsibility, the opposing party must establish that a genuine dispute as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate the existence of a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010), and genuine, i.e., "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,'" FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010) (quoting Anderson, 477 U.S. at 248). A party opposing summary judgment must support the assertion that a genuine dispute of material fact exists by: "(A) citing

---

[1] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[2] Fed. R. Civ. P. 56(c)(1)(A)-(B). However, the opposing party "must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Anderson, 477 U.S. at 252).

In resolving a motion for summary judgment, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. Moreover, all reasonable inferences that may be drawn from the facts placed before the court must be viewed in a light most favorable to the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). However, to demonstrate a genuine factual dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citation omitted).

DISCUSSION

Defendants move for partial summary judgment based on the application of issue preclusion to plaintiff's claims one through four, due to an earlier California state court decision. (ECF No. 25.) Defendants assert that plaintiff's first four claims should be dismissed for lack of standing because the California state court determined that plaintiff's demonstrations at SFDK occurred on private SFDK property and therefore did not enjoy First Amendment or California constitutional free speech protections. (Id.)

The undersigned addresses defendants' basis for summary judgment for plaintiff's first four claims. The undersigned additionally addresses, sua sponte, the issue of summary judgment

---

[2] "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Moreover, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

4

with regard to plaintiff's fifth claim. Claim five addresses the issue of municipal liability for violation of plaintiff's civil and constitutional rights. However, the fifth claim cannot stand without an underlying violation found within claims one through four. (ECF No. 1.)

<u>Preclusion of Plaintiff's Federal and State Constitutional Claims</u>

Defendant moves for partial summary judgment on the grounds that plaintiff lacks standing to assert First Amendment claims where it is undisputed that plaintiff was demonstrating on private property that has been previously adjudicated by a California state court to be a non-public forum. (ECF No. 25.) In the underlying California state court proceeding, <u>Park Mgmt. Corp. v. In Defense of Animals</u>, the owners of SFDK, Park Management Corporation, sued to enjoin defendants Deborah Classenn, Janet Locke, and Deniz Bolbol from demonstrating on SFDK premises on the grounds that SFDK is private property.[3] (ECF No. 25-1.) The plaintiff in the instant case, Mr. Cuviello, intervened as a third party defendant in the California state court proceeding. The California State Superior Court of Solano County ("Solano court") determined that the entirety of SFDK grounds are private property and ordered a permanent injunction on all defendants, including Mr. Cuviello, from demonstrating on SFDK premises. (<u>Id.</u>)

"Federal courts must give state court judgments the same preclusive effect as they would be given by the courts of that state." <u>United States v. Bhatia</u>, 545 F.3d 757, 759 (9th Cir. 2008). Issue preclusion bars the re-litigation of an issue when that issue "has once been determined by a valid and final judgment." <u>See</u> <u>Bhatia</u>, 545 F.3d at 759. Federal courts are to use the laws of the state in question when analyzing a state court decision for preclusive effect. <u>Id.</u> California law therefore dictates the Court's analysis of issue preclusion in relation to the underlying Solano court case. California issue preclusion law provides that:

> First, the issue sought to be precluded from the relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third,

---

[3] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The court takes judicial notice of the judgment in <u>Park Mgmt. Corp. v. In Defense of Animals</u>, No. FCS043477, because as a state court judgment it is not subject to reasonable dispute.

5

> it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

In re Cantrell, 329 F.3d 1119 (9th Cir. 2003). Here, California issue preclusion law applies to plaintiff's first four claims because those claims meet the foregoing standard.

First, in the instant case, all four of plaintiff's claims in question rely on the same issue: whether or not plaintiff demonstrated on privately owned land at SFDK on October 31, 2015. (ECF No. 1.) The Solano court had to decide the issue of whether SFDK property is privately owned and without public character ensuring free speech protections, in order to permanently enjoin Mr. Cuviello from demonstrating on SFDK property from March 18, 2016, onward. (ECF No. 25-1.) As such, the issues are identical for the purposes of issue preclusion.

Second, the issue of whether SFDK property is private property was previously litigated before the Solano court. Parties filed boundary exhibits and descriptions of SFDK land and disputed the character of the SFDK parking lots, front entrance and admission area, and interior pathways and walkways. (ECF Nos. 25-1, 25-5.) Mr. Cuviello asserted that such areas of the SFDK property were subject to a prescriptive easement for demonstrations on the property. (Id.)

Third, the Solano court decided that Mr. Cuviello's argument for a prescriptive easement for demonstrations on SFDK property did not apply because all of the SFDK land in question was <u>private property</u> where "a private property owner . . . could prevent such demonstrations." (ECF No. 25-1.) Thereafter, the court ordered a permanent injunction on defendants, including Mr. Cuviello, from "conducting protests or picketing on the <u>privately owned</u> premises of . . . Six Flags Discovery Kingdom[] driving and walking paths, parking lots, and entrance and admission areas, located at 1001 Fairgrounds Dr., Vallejo, California 94589." (ECF No. 25-1 (emphasis added).)

Fourth, the state court entered a final judgment on the merits, after considering the boundaries and zoning of the SFDK grounds, and relevant case law pertaining to free speech protections on private property. (ECF Nos. 25-1, 25-5.) And finally, in the instant case, Mr. Cuviello is the same party as was involved in the preceding Solano court case.

////

Here, Mr. Cuviello contends that his October 31, 2015 demonstration took place on a "public sidewalk" maintained by SFDK. (ECF Nos. 25, 38.) The parties do not dispute the location of the sidewalk in question. (ECF No. 19-1.) Based on the preceding Solano court determination, the sidewalk is within the private property of SFDK and lacks any public character. (ECF Nos. 25, 25-1, 25-5.) As such, plaintiff lacks standing because he did not enjoy First Amendment and California free speech protections when he was demonstrating on private SFDK property on October 31, 2015. See Lloyd Corp. v. Tanner, 407 U.S. 551, 567 (1972) (providing that "the First and Fourteenth Amendments safeguard the rights of free speech and assembly by limitations on state action, not on action by the owner of private property . . . ."); Golden Gateway Ctr. v. Golden Gateway Tenants Assn., 29 P.3d 797, 803 (Cal. 2001) (concluding that "California's free speech clause contains a state action limitation" and "that private property must be public in character before California's free speech clause may apply.") Mr. Cuviello's first four claims should be dismissed due to the preclusive effect of the preceding Solano court determination that the sidewalk at issue is private property.[4]

Preclusion of Plaintiff's Claim of Municipal Liability

To survive summary judgment on a claim regarding municipal liability, plaintiff must adduce facts sufficient to show there was a municipal policy that caused constitutional deprivation, thereby creating such liability. See Wallis v. Spencer 202 F.3d 1126 (9th Cir. 2000). Here, plaintiff's fifth claim contends there is municipal liability due to the City of Vallejo's deprivation of his rights under the First Amendment and the California constitution as asserted in his first four claims. (ECF No. 1.) However, because the undersigned recommends the dismissal of plaintiff's first four claims, there is no underlying deprivation by which plaintiff can assert his fifth claim. As such, the undersigned also recommends dismissal of plaintiff's fifth claim.

////

////

---

[4] The undersigned expresses no opinion about the merits of the preceding state court decision but is bound by California issue preclusion law to give the preceding decision preclusive effect. See Bhatia, 545 F.3d at 759. To the extent that plaintiff believes the state court judgment is incorrect, his proper recourse is to appeal the state court action.

CONCLUSION

Accordingly, for the reasons outline above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for partial summary judgment (ECF No. 25) be GRANTED.
2. Plaintiff's fifth claim also be DISMISSED.
3. Judgment be entered in favor of defendant.
4. The Clerk of Court be directed to close this case and vacate any remaining dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. E. Dist. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: June 29, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE