UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-2584 KJM KJN (PS)<br><br>ORDER |

Pro se plaintiff Joseph Cuviello was peacefully protesting animal rights violations on a sidewalk outside Six Flags Discovery Kingdom when a police officer threatened to confiscate his loudspeaker.  Cuviello now sues the City of Vallejo, Vallejo Police Officer M. Cutnick, and the Vallejo City Attorney for free speech violations.  As authorized by the local rules, this case was referred to the assigned Magistrate Judge.  Defendants moved for partial summary judgment, contending a prior state court proceeding effectively determined Cuviello's demonstration on this occasion occurred on private property, not public property, and he is precluded from re-arguing the issue here.  Cuviello opposed the motion.  The Magistrate Judge has recommended granting defendants' motion.  Findings & Recommendations ("F&Rs"), ECF No. 39 (filed June 29, 2017).  Cuviello objected.  ECF No. 40.  Having conducted a *de novo* review as required, the court DECLINES to adopt the Findings and Recommendations and instead DENIES defendants' motion.

1

I.  BACKGROUND

    A.  Prior Protests and State-Court Injunction

In 2014 and 2015, Cuviello and others frequently protested against activity they perceived as animal rights violations around and within property operated as Six Flags, a private amusement park. In May 2014, to limit where such protesting could occur, Six Flags' owner Park Management Corp. ("PMC") sought a permanent injunction in state court. Statement of Undisputed Facts ("SUF") 3, ECF No. 25-3; *Park Mgmt. Corp. v. In Defense of Animals, et al.*, Case No. FCS 043477 (Solano County Superior Court, May 8, 2014) ("State Action"). Cuviello intervened in the State Action. SUF 4. In that case, the state court granted summary judgment for PMC and permanently enjoined Cuviello and others from protesting on PMC's private property at Six Flags. SUF 5-6 (primarily relying on page 5 of the summary judgment order filed at ECF No. 25-1 at 270). The court rejected Cuviello's argument that the areas in or from which he protested at the time of that case were "quasi-public" and specifically enjoined "protests or picketing on . . . Six Flags Discovery Kingdom driving and walking paths, parking lots, and entrance and admission areas . . . ." SUF 8-9, 18 (citing pages 1 and 2 of the injunction order filed at ECF No. 25-1 at 281-282).

    B.  The Instant Lawsuit

On October 31, 2015, Cuviello again protested animal rights violations, standing outside Six Flags, on a sidewalk west of Fairgrounds Drive, across from Six Flags' main entrance. SUF 1. The parties agree on the exact spot Cuviello stood while protesting this time. *See* Stipulation, ECF No. 25-4 (party stipulation as to where Cuviello stood, including aerial map marked with an "X"). The parties disagree as to whether this spot is public property or PMC's private property, as explained further below. While Cuviello was protesting, Officer Cutnick threatened to confiscate Cuviello's bullhorn based on Vallejo Municipal Code Chapter 8.56, which mandates a permit for loudspeakers. *See* Compl., ECF No. 1, ¶ 47.

Cuviello sues Officer Cutnick, the City of Vallejo and the City Attorney for violation of his state and federal free speech rights. *See generally id.* He asserts the following five claims: (1) Officer Cutnick's enforcement of Municipal Code Chapter 8.56 constitutes a prior

2

1  restraint on his speech, in violation of his First Amendment rights, and the provision was
2  disparately enforced such that it violated his federal equal protection guarantees under the
3  Fourteenth Amendment; (2) defendants conspired to violate his free speech rights, in violation of
4  the First and Fourteenth Amendments; (3) defendants violated his liberty of speech under Article
5  1, Section 2(a) of the California Constitution; (4) Vallejo Municipal Code Chapter 8.56 is
6  unconstitutional on its face and as applied; and (5) defendants deprived Cuviello of his civil rights
7  in violation of California Civil Code § 52.1, otherwise known as the Bane Act.  *Id.* ¶¶ 61-96.

Defendants moved for partial summary judgment based on issue preclusion, while reserving their right to move for summary judgment on other grounds.  Mot., ECF No. 25; Defs.' Mem., ECF No. 25-2.  Defendants contend Cuviello is precluded from re-arguing the sidewalk upon which he protested was public because the State Action already determined the location of his protesting as relevant here occurred on PMC's private Six Flags property.  Defs.' Mem. at 2. Defendants also contend this means Cuviello lacks standing to assert the free speech protections on which his first four claims are based.  *Id.* at 2.  The Magistrate Judge agreed.  F&Rs at 7. Having carefully considered the question, this court finds defendants have not met their burden to show the State Action's determination of "private property" extends to the portion of the sidewalk at issue here.

II.     LEGAL STANDARDS

   A.     Summary Judgment

A motion for summary judgment will be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A motion for summary judgment calls for a "threshold inquiry" into whether a trial is necessary at all, that is, whether "any genuine factual issues . . . properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court does not weigh evidence or assess the credibility of witnesses; rather, it determines which facts the parties do not dispute, then draws all inferences and views all evidence in the light most favorable to the

nonmoving party. *See id*. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587-88 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz.* v. *Cities Serv. Co*., 391 U.S. 253, 289 (1968)). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted).

The Supreme Court has taken care to note that district courts should act "with caution in granting summary judgment," and have authority to "deny summary judgment in a case where there is reason to believe the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255. A trial may be necessary "if the judge has doubt as to the wisdom of terminating the case before trial," *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995) (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994)), "even in the absence of a factual dispute[,]" *Rheumatology Diagnostics Lab., Inc v. Aetna, Inc.*, No. 12-05847, 2015 WL 3826713, at *4 (N.D. Cal. June 19, 2015) (quoting *Black*, 22 F.3d at 572).

B. <u>Preclusion</u>

Issue preclusion bars re-litigating factual issues that have been conclusively decided in a prior judicial action. *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016)). Federal courts assess the preclusive effect of a prior state-court judgment by applying that state's preclusion rules. *See Gonzales v. Cal. Dep't of Corrections*, 739 F.3d 1226, 1230 (9th Cir. 2014) ("The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'") (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

4

1        California's preclusion rules apply here, which require defendants to establish that Cuviello is the same party or in privity with a party in the State Action, and the parties to the State Action "actually litigated," and the court in the State Action "necessarily" and "finally" decided an "identical issue." *Lucido v. Superior Court*, 51 Cal.3d 335, 341-42 (1990).

         Here, the parties dispute only whether the issue decided in the State Action is identical to the issue defendants say preclude standing here: That is, whether the State Action determined the sidewalk from which Cuviello protested on October 31, 2015 is PMC's private, Six Flags property.

III.    DISCUSSION

         The court is unpersuaded that the issue decided in the State Action is identical to the issue relevant here.  The F&Rs conclude that "[b]ased on the [State Action], the sidewalk is within the private property of [Six Flags] and lacks public character." F&Rs at 7. To reach that conclusion, the Magistrate Judge explained "the issues are identical" because the State Action "had to decide . . . whether [Six Flags] property is privately owned and without public character ensuring free speech protections, in order to permanently enjoin Mr. Cuviello from demonstrating [there.]" *Id.* at 6.

         But the record includes evidence suggesting that where Cuviello stood on October 31, 2015, may fall outside the area the state court determined was private property. The F&Rs refer only generally to the relatively voluminous filings attached to defendants' motion. *See* F&Rs at 5-7 (citing "ECF No. 25-1" without a pinpoint cite, and generally citing the declaration at "ECF No. 25-5" without citation to specific paragraphs). Although the F&Rs correctly note that the court's decision in the State Action included within the definition of PMC's private property all privately owned "driving and walking paths, parking lots, and entrance and admission areas," *id.* at 6 (quoting ECF No. 25-1 generally), it is unclear that the sidewalk at issue here falls within the state court's definition. Rather, upon this court's *de novo* review, the state court's designation of private property does not clearly encompass the sidewalk upon which Cuviello protested on October 31, 2015, as explained below. At best, the record on this point is ambiguous.

1           Cuviello cites evidence in both his opposition to summary judgment and his
2    objections that could support his position that the sidewalk is public, or at least not private as
3    determined in the State Action.  *See* Opp'n, ECF No. 32; Objections at 6-12 (citing map showing
4    area where he protested as relevant to this case; as well as state case summary judgment filings
5    and state case preliminary injunction and final injunction filings, that plaintiff says together show
6    the injunction did not include this area); Cuviello Decl., ECF No. 40-1, ¶¶ 4-9 (affirming where
7    precisely he protested before the State Case compared to where he protested from as relevant to
8    this case).
9           For instance, Cuviello cites the State preliminary injunction, the precursor to the
10   Injunction Order, which emphasizes it is "narrowly tailored to only restrain [Cuviello] from
11   engaging in free speech protest activities on [Six Flags'] privately owned property" and notes that
12   Cuviello and others "are free to engage in their free speech protest activities on the public
13   sidewalks adjacent to Discovery Kingdom."  State Prelim. Inj. Order at 5, ECF No. 25-1 at 102.
14   The final injunction is likewise limited in scope to "Six Flags Discovery Kingdom's driving and
15   walking paths, parking lots, and entrance and admission areas[.]"  Final Inj. Order at 1-2, ECF
16   No. 251 at 281-282.  PMC's "Rules and Restrictions for Public Assembly" state that "[a]ny
17   protests or similar expressive activity, if conducted, must be done from the public sidewalks, in
18   front of Discovery Kingdom, as designated on the attached Map."  PMC Rules, ECF No. 25-1 at
19   89-90 (with attached map consisting of a slightly blurry aerial photograph with a yellow line
20   drawn generally along a roadway, without streets or particular areas identified with particularity).
21   In the statement of facts it submitted in the State Action, PMC contended "Cuviello should be
22   enjoined from conducting protests . . . on the privately owned. . . driving and walking paths,
23   parking lots, and entrance and admission areas," but then clarified "[PMC] does not seek to enjoin
24   [Cuviello] from conducting expressive activities on public sidewalks in front of Six Flags[.]"
25   PMC Statement of Facts at 2, ECF No. 25-1 at 52 (determining on summary judgment that areas
26   at issue there were private property and  the protesting thus constituted trespass, as was required
27   for injunction to issue).  A declaration from PMC's own Director of Operations filed in the State
28   Action highlights that a sidewalk is public, describing the sidewalk without providing a map

                                                     6

1   identifying it with particularity: "A public sidewalk, along Fairgrounds Drive, is located adjacent
2   to the Park's parking lot entrance, and allows individuals to gather near the park's private parking
3   lot's gate."  Dale Arnold Decl. ¶ 4, ECF No. 25-1 at 41.  The parties agree on the precise spot
4   from which Cuviello protested on October 31, 2015.  *See* Stipulation ("X" marking Cuviello's
5   protest spot); *see also* Six Flags Map, ECF No. 25-1 at 90 (Six Flags map highlighting areas
6   where protesting is permitted, which appears, at least arguably, to include where Cuviello stood).
7              Based on this record, the record is at least unclear as to whether the sidewalk from
8   which Cuviello protested in October 2015 falls within the boundaries of PMC's private property
9   as identified in the State Action.  Defendants have filed only one document that supports their
10  conclusion that the sidewalk is private, and it comes from defendant's own declarant: Dale
11  Arnold, the Director of Operations at PMC, the company that operates Six Flags.  *See* Arnold
12  Decl., ECF No. 25-5, ¶ 9 ("I have personally seen Mr. Cuviello conduct protest activities on the
13  sidewalk along Fairgrounds Drive . . . and where Cuviello was protesting in this case . . . was
14  conducted inside the property lines of Six Flags[.]").  Mr. Arnold's declaration relies only on his
15  review of the legal description of PMC's property boundaries and a boundary map that is not
16  easily reconciled with the location identified by the parties' stipulation regarding the location
17  from which Mr. Cuviello protested in October 2015.  *Compare id*. ¶¶ 4-6 (referencing legal
18  description and boundary maps of PMC's property contained in exhibits to a purchase agreement
19  in the record at ECF No. 25-1 at 250-253) *with* ECF No. 25-4 (parties' stipulation).  The single,
20  conclusory declaration of PMC's own operations director is insufficient to satisfy defendants'
21  burden to show there are no triable issues.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054,
22  1059 (9th Cir. 2002) (disregarding self-serving conclusory declaration at summary judgment); *cf*.
23  *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (reiterating this notion); *United States v.*
24  *Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (same).  The court cannot conclude that the State
25  Action conclusively determined the sidewalk upon which Cuviello protested on October 31,
26  2015, is Six Flags' private property.  Cuviello is not precluded from re-litigating the issue in this
27  case.
28

IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the Findings and Recommendations (ECF No. 39) filed June 29, 2017;

2. Defendant's motion for partial summary judgment (ECF No. 25) is DENIED; and

3. This case is referred back to the Magistrate Judge for further handling consistent with the Local Rules.

DATED: March 29, 2018.

_____
UNITED STATES DISTRICT JUDGE